JOSEPH W. CLARK, ED. CHASE, *et al.*, Respondents, *v.* THOMAS MARSHALL AND JAMES M. HUGHES, ADMR'S, Appellants.

*Contract—Damages.*—Where one party undertakes for a valuable consideration to furnish another with an abstract of title, or statement of the conveyances and encumbrances affecting a tract of land,·and incorrectly reports the quantity of land previously conveyed, he will be liable to respond in damages to the party who, relying upon such information, purchases the land.

### Appeal from St. Louis Court of Common Pleas.

Plaintiffs, who were partners as bankers, sued defendants, who were employed in the business of investigating titles to land in St. Louis county, for giving plaintiffs a wrong statement of the number of feet remaining unsold in Kingsbury's addition to the city of St. Louis, and then owned by the heirs of James W. Kingsbury, deceased. Defendants in the statement furnished represented 1200 feet unsold, and relying on said written statement plaintiffs purchased at a sale the one-third interest of Jules C. Kingsbury, one of the heirs, when in fact but 975 feet of said ground remained unsold on the 26th of May, 1858, while defendants' statement showed that 1200 feet were unsold. The statement was as follows :

" We have made examination to ascertain what encumbrances are outstanding at this date against Jules C. Kingsbury, or his interest in the following real estate, to-wit :" [Then follows a description of several tracts and lots, numbered 1, 2 & 9. Then follows a statement of the encumbrances up to that date.] We place the following nominal value on said property, viz :

" On the lot corner Sixth and Locust streets, which is valued by the assessor at $12,200, say $30,000 ; on the lots in Kingsbury's addition, 1200 feet of which remains unsold, say $10 per foot, $1200."

Defendants by their answer denied that they were called on for the statement of the number of feet unsold, but stated that they were called on solely for an abstract of encum-

28—VOL. XXXIV.

brances at the time of the date of the abstract; made a copy of the abstract part of their answer, and explained the circumstances under which the number of feet was stated in the memorandum, stating nominal values and setting out particularly the whole transaction. Upon the faith of this abstract, the interest of Jules C. Kingsbury was bought in by Edward Chase, one of the plaintiffs.

Defendants asked the following instructions, which were refused:

1. That if the court shall find from the evidence that plaintiffs, or their agents, requested defendants to furnish plaintiffs an abstract to show only the encumbrances on the interest of Jules C. Kingsbury in the property mentioned in the abstract given in evidence by plaintiffs; that it was at the time known to plaintiffs, as well as defendants, that Jules C. Kingsbury's interest in Kingsbury's addition to St. Louis, mentioned in the petition, was an interest of one undivided one-third of said addition remaining unsold, and that plaintiffs did not ask or request defendants to furnish any statement of the number of feet or quantity of said addition that so remained unsold; that whilst the clerk of plaintiffs was preparing the abstract, plaintiff asked him as to his opinion of the value of said Kingsbury's interest in all the property mentioned in the abstract, who told him it would be but guess work, that no one could tell what it would sell for; that he supposed about three times the value fixed by the assessor would be about its value, and that plaintiff then requested him to see what value the assessor put on it, and add a valuation to the abstract; that defendant's clerk accordingly examined the assessor's book, and made the statement contained in the abstract at the foot thereof, intending it to be something like the proximate value, and without request made a rough estimate of the number of feet in said addition remaining unsold, only as a means of making up in his own mind an estimate of value, then in such case defendants are not responsible in this action for a failure in said addition unsold to hold out to 1200 feet.

2. That plaintiffs are not entitled to recover on the evidence before the court.

3. That there is no evidence before the court that plaintiffs have paid out or lost any money, or other thing, by reason of any false or other statement contained in the abstract in evidence.

4. There is no evidence before the court that plaintiff consummated a purchase of Jules C. Kingsbury's interest in said addition as alleged, or by such purchase acquired any interest or title therein; that the oral testimony before the court is not sufficient to prove these facts.

5. That if, before the second sale spoken of by the witness Kellogg, plaintiffs had been told that as much 1200 feet of Kingsbury's addition did remain unsold, and on receiving this information Kellogg, for plaintiffs, called on defendants to ascertain the number of feet unsold, and further believe that defendant Marshall and said Kellogg then marked off on a map of the addition the true and correct number of feet not sold, and that plaintiffs were informed thereof before said second sale, then in such case defendants are not liable, although there may not have been 1200 feet unsold as stated in the abstract.

The court gave of its own motion the following instruction:

The court decides as the law of this case, that if the defendants were not employed by the plaintiffs to ascertain and report (among other things) the quantity of ground in Kingsbury's addition, they are not liable in this action; but that if they were so employed, and incorrectly reported the quantity of said ground unsold at 1200 feet, and the plaintiffs were misled thereby and bought land in said addition, supposing it contained the quantity represented by defendants, at the price of $2,000, when, in fact, it only contained 975 feet, the defendants are liable to the plaintiffs for the value of said deficit of 225 feet at the price per foot the plaintiffs paid for said purchase, i. e., in the following proportion: as 1200 feet is to $2,000, so is 225 feet to the amount for which defendants are liable.

---

Armstrong et al. v. Tuttle et al.

*Knox & Kellogg*, for respondents.

*Wm. T. Wood*, for appellants.

BATES, Judge, delivered the opinion of the court.

There was no error in the refusal of the instructions prayed by the defendants.

All that was proper in the first instruction was more briefly and clearly stated in the instruction given by the court.

The second, of course we do not review.

No error appears in the third and fourth, because we will not weigh the testimony; and the court below may have regarded the testimony as to Chase, one of the plaintiffs, as applying to all the plaintiffs, who composed, as the record shows, a business firm, and the oral testimony was received without objection.

The fifth instruction was inapplicable to the issues made in the case.

The instruction given by the court very fairly stated the case, both as to the issues and the measure of damages.

Judgment affirmed. Judges Bay and Dryden concur.