SAMUEL B. CHASE *et al*

*v.*

JOHN HEANEY.

1. CONTRACT—*implied by one undertaking to make an abstract of title from the records.* If a person engages in the business of searching the public records, examining titles to real estate, and making abstracts thereof, for compensation, the law will imply that he assumes to possess the requisite knowledge and skill, and that he undertakes to use due and ordinary care in the performance of his duty; and for a failure in either of these respects, resulting in damages, the party injured is entitled to recover.

2.   Where a party was employed to examine the records and make an abstract of the title to real estate, and he omitted to note the fact of a judgment and sale of the land. for taxes, of which the purchaser was ignorant until the time for redeeming had expired. whereby he was caused to pay out money to remove the cloud upon his title, it was *held*, that the party making the abstract was liable in damages to the purchaser for the sum so paid by him to remove the cloud.

3.   A party examining the title to real estate for pay, can not limit his liability by an obscure certificate to the abstract, without specially calling the attention of the other party to it.   If he discovers that he can not furnish a complete and reliable abstract, it is his duty to give the other party notice of the fact, that he may apply elsewhere; otherwise, such other party will have a right to rely on his competency and fidelity in this respect.

4.   PRESUMPTION — *as to whether a judgment is entered of record.*   In a suit by a purchaser of land, against a party examining the title for pay, for neglecting to show the fact of a judgment, and sale of the land, the latter contended that no recovery could be had, as it was not shown the judgment and sale were entered of record: *Held*, in the absence of proof to the contrary, it would be presumed the officers of the court did their duty, and promptly made a record of the judgment and sale.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action on the case, for negligence, by John Heaney, against Samuel B. Chase, Horace G. Chase, Charles C. Chase and John B. Adams, to the July term, 1872.

The plaintiff, on April 26, 1866, purchased of James O. Humphrey a part of lot 4, in block 40, in the original town of Chicago, which was conveyed by Humphrey and wife on the same day.   On August 12, 1867, the land was sold for taxes, and on September 8, 1869, a deed was made for the same to Asahel Gage, by the sheriff of the county.   In the spring of 1869, the plaintiff employed the defendants, who were then engaged in the business of making examinations, searches and abstracts of title, to continue and bring down the plaintiff's abstract of title to the tract above named, with others, for which a fee of $25 was paid.

The other material facts are stated in the opinion of the

court. The plaintiff recovered judgment for $1300, from which the defendants appealed.

Mr. GEORGE W. THOMPSON, and Mr. R. W. RICABY, for the appellants.

Messrs. J. C. & J. J. KNICKERBOCKER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The undertaking implied by the law, from appellants' engaging in the business of searching the public records, examining titles to real estate and making abstracts thereof, for compensation, is, that they possessed the requisite knowledge and skill, and that they would use due and ordinary care in the performance of their duties. For a failure in either of these respects, resulting in damages, the party injured is entitled to recover. Story on Bailments, sec. 431; *Ritchey* v. *West*, 23 Ill. 385; *McNevins* v. *Lowe*, 40 id. 210; *Steamboat New World* v. *King*, 16 Howard, 469; *Clark* v. *Marshall*, 34 Mo. 429.

Appellee employed appellants to make for him an abstract of title to certain real estate which he owned. This they attempted to do, but omitted to note on the abstract a judgment against the property, for taxes, and its subsequent sale to satisfy the same. Appellee claims to have been ignorant of this judgment and sale, and that, relying on the correctness of the abstract, he failed to redeem therefrom within the time provided by law, in consequence of which he was compelled to, and did, expend the amount of the judgment rendered by the court below, in removing the cloud thus cast upon his title.

It is contended, on behalf of appellants, that the evidence fails to show that, at the time the abstract was made, this judgment and sale were of record.

It is not controverted that there was, in fact, such a judgment and sale; and as it was the duty of the officers to

promptly make the necessary records thereof, we must, in the absence of evidence to the contrary, presume it was done. If the officers did not discharge their duty in this respect, appellants should have shown the fact by proof, and not having done so, the objection can not be sustained.

It is also contended that there is no evidence of a contract whereby appellants agreed to furnish appellee with a complete abstract of all that appeared upon the public records relative to the title to the property.

The evidence shows that appellants held themselves out to the public as being engaged in the business of searching the public records, and making abstracts of title, for compensation; that appellee requested them to make an abstract of the title to his property, and paid them the compensation which they charged therefor; and this is all that was necessary, for the purposes of the present suit; nor do we consider that it was competent for appellants to limit their liability by an obscure clause in their certificate appended to the abstract, without specially calling appellee's attention to it. They undertook to furnish him an abstract of what appeared on the public records affecting the title to his property, and he was authorized to rely upon their competency and fidelity in this respect. When, therefore, they discovered they could not furnish him with a complete and reliable abstract, it was their duty to notify him of the fact, so that he might apply elsewhere.

Upon the whole evidence, we think it sufficiently appears that appellants were guilty of such negligence as renders them liable.

The claim made, that appellee was guilty of contributory negligence, we do not consider sustained by the evidence.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*