## LOUISA SMITH v. CHAS. D. HOLMES.

*Negligence of register of deeds—Pleading—Evidence.*

1. Damages for negligence are recoverable against a register of deeds who undertakes to furnish plaintiff a full abstract of the title to lands which the latter desires to purchase if, in consequence of the careless omission therefrom of any mention of a particular incumbrance the purchaser is put to additional expense to perfect his title.

2. Record entries in the office of a register of deeds, whether in his own handwriting or not, are competent evidence in an action against him for negligence in failing to give information of the matters of record.

3. Anything outside of the facts necessary to state a cause of action is surplusage; the necessary facts, however, must be stated.

4. A memorandum upon an abstract of title in the words "examined to date, Nov. 15, 1875," and signed by the register of deeds, whether a certificate or not, is admissible as res gestæ in an action against the register for negligence in carrying out an agreement to furnish a full abstract.

5. The introduction of the words "falsely and fraudulently" as well as the words "carelessly and negligently" is surplusage in a count the gravamen of which is expressed to be negligence merely.

6. A count in a declaration must be construed as an entirety in ascertaining what its gravamen is.

7. The allegation of a non-feasance instead of a misfeasance marks the difference between an allegation of negligence and one of fraud.

Error to Calhoun. (Hooker, J.) April 25.—June 11.

CASE. Defendant brings error. Affirmed.

*Frank G. Holmes* and *Wm. H. Porter* for appellant.

*James H. Campbell* for appellee. One who contracts to examine the records in a registry of deeds for another, and to inform the latter of all conveyances which appear of record affecting the title to a certain description of land, engages that he possesses the knowledge and skill requisite for the work, and undertakes that he will do the work carefully, and if for want of proper care on his part an incumbrance is overlooked, and injury results to his employer through his negligence the injured party is entitled to recover: *Chase v. Heaney* 70 Ill. 268; Add. on Cont. 400; *Rankin v. Schaeffer* 4 Mo. App. 108; Whart. on Neg. § 751; *Wakefield v. Chowen* 26 Minn. 379; and it is immaterial that there was no proof of a fee paid for the search: Shearm. & Redf. on Neg. § 228; the declaration is for negligence and properly framed, and is not for fraud and deceit: *Addison v. L. S. &c. Ry. Co.* 48 Mich. 155; *Lucas v. Wattles* 49 Mich. 380; *Batterson v. C. & G. T. Ry. Co.* 49 Mich. 184; *Necker v. Harvey* 49 Mich. 517; if a malicious or wrongful intent be unnecessarily stated it need not be proved: *Williamson v. Allison*

2 East 446; in actions for torts a party proves such of the allegations of his declaration as he can, and his failure to prove other statements does not prevent his recovery if he proves any good ground of action: *Fisk v. Hicks* 31 N. H. 535; *Lyons v. Merrick* 105 Mass. 71; in torts the plaintiff may prove a part of his charge if the averment be divisible and there be enough proved to support his case: Chitty on Pleading 401.

CHAMPLIN, J.   The defendant was register of deeds of Calhoun county in 1874 and 1875, and was sued by plaintiff in an action of trespass on the case.   The declaration contains three counts.   The second count is the only one upon which a recovery can be supported, and it states that on November 15, 1875, one John J. Lovett was the owner in fee of certain land, describing it, and that there were three certain mortgages upon it at that time, which the pleader numbers one, two and three, and states the parties, dates of mortgage, and time and place of the recording of the same, respectively; that they were all valid and subsisting incumbrances on the land; that on the 15th day of November, 1875, defendant was register of deeds of Calhoun county, and acted as such, and had held the office from the first day of January, 1873; that mortgage number three was left with him for record April 21, 1874, and his fees paid for recording, and thereupon he forthwith entered it in the entry-book of mortgages kept in his said office, pursuant to law, in his own handwriting, and thereafter, forthwith, on said 21st of April, 1874, recorded said mortgage at full, pursuant to law, in Liber A. M., at page 133, and on said day entered in the local index to said liber, and also in the general index to mortgages in his office, reference to said mortgage, and to the liber and page wherein the same was of record, and the description of the land therein, which entries and record books remained in his office, and he knew, of his own knowledge, of the existence of said mortgage, and of the record of the same, then being in his said office; that plaintiff, upon making the bargain with Lovett for the purchase of the land, and before completing the purchase or

receiving the deed or paying the purchase money, on the 15th of November, 1875, went to the said office of the said register of deeds, in the city of Marshall, in said county, and there found the defendant therein, and in possession and control thereof, and of all of the records, files and papers therein and thereto belonging; that plaintiff then and there requested the said defendant to examine the records in his said office, and inform her and give her a statement of all mortgages and incumbrances of record in said office, covering or affecting said land, and then and there paid to said defendant the fee for such examination and search required by him. And the said defendant then and there undertook and agreed to comply with the plaintiff's said request, and to inform her if there was any other mortgage on said land; and thereupon it then and there became and was the duty of the said defendant to examine and search the records in his said office in a careful, proper and diligent manner, and to inform the said plaintiff of the existence of said mortgage number three. Yet said defendant, not regarding such his duty, but contriving and intending to injure and aggrieve the said plaintiff in that behalf, did not nor would examine or search the said records in a careful, proper and diligent manner, nor inform the said plaintiff of the existence of said mortgage number three: and, on the contrary, that the defendant thereupon examined said records in his office, or pretended to, but that he made such examinations in a careless, negligent, insufficient manner, and after making the same, then and there neglecting his duty in the premises and his obligations to the plaintiff, to correctly and truly inform her of all mortgages and incumbrances on said land, carelessly, negligently, falsely and fraudulently informed and stated to the plaintiff that there were only two mortgages of record which covered or affected said land, to-wit, the mortgages numbers one and two aforesaid, and did not give to the plaintiff then, nor at any time, any information, statements, intimations or notice that the said mortgage number three, from said Lovett to said Rudman, was of record in his said office, or in existence. That thereupon, on

said 15th day of November, 1875, after being informed by the defendant that the said mortgages numbers one and two were the only mortgages then on said land, the plaintiff, relying upon the said statement and information given by the defendant as aforesaid, and believing in good faith thereupon that the said mortgages numbers one and two, aforesaid, were the only mortgages or incumbrances on said land, and without any knowledge, intimation or notice of the said mortgage number three, purchased the said land of thé said Lovett, the owner thereof, as aforesaid, for the sum of twenty-five hundred dollars, and then and there paid the said sum to the said Lovett as the purchase price of said land, less the sum of eight hundred dollars, as the amount due on said mortgages numbers one and two, as aforesaid, which mortgages the plaintiff, by the terms of the purchase of said land, assumed and agreed to pay as a part of the consideration and purchase for said lands, and the said amount of eight hundred dollars was deducted by the plaintiff and retained by her : and the plaintiff paid to said Lovett the balance of the purchase money, being the sum of seventeen hundred dollars in cash ; that the said sum of twenty-five hundred dollars was the full value of said land at said time ; and thereupon, on said day, said Lovett executed and delivered to the plaintiff a deed of conveyance of said land, and plaintiff thereby became owner in fee-simple of said land, and immediately thereafter took possession thereof, and hath since that time up to the present continued to be, and still is, such owner and possessor of said land ; that the plaintiff took said deed and paid said money for said land without any knowledge, notice or intimations of the existence of said mortgage number three, being kept in ignorance thereof by the said carelessness, negligence and fault of the said defendant in the premises, and the plaintiff had no knowledge or notice of the existence of said mortgage until after proceedings were instituted by said Rudman to foreclose said mortgage, as hereinafter stated. That Rudman commenced proceedings to foreclose, and that plaintiff was obliged to and did pay the amount due thereon ; that

Lovett was at the time of purchase, and ever since has been, insolvent; and that plaintiff, by the said neglect, carelessness and fault of defendant in the premises, has suffered great loss, and been compelled to pay a large sum of money to obtain a discharge of mortgage number three, and free her land from said incumbrance, to her damage of one thousand dollars.

We have set out this count quite fully and, in some parts, literally, for the reason that the errors assigned are based mainly upon alleged variances between the declaration and proofs, and upon the further allegation that the declaration is based upon the fraudulent conduct of defendant, and that no recovery can be had unless fraud is proved as the cause of the injury. If the plaintiff were to be confined to the third count of her declaration the objection made would be good, as that count alleges the statements to have been made falsely, willfully and fraudulently, instead of negligently and carelessly; but if any one of the counts contained in the declaration is good it will support the verdict. It is quite evident that the gist of the second count is based upon the negligence of the defendant in not ascertaining and informing plaintiff of the existence and record of mortgage number three. It contains considerable redundancy of expression, and some immaterial allegations which might have been omitted. The contract, which formed the basis of the obligation of the defendant, and the negligence or careless performance thereof by him, are set forth with sufficient certainty. The negligence alleged consists of the careless performance of an obligation assumed by contract. The averments that defendant entered the mortgage in his own handwriting, and afterwards recorded it, may be treated as surplusage. Such fact was wholly immaterial, so far as fixing liability for a careless or negligent search. The entries and records were competent evidence as tending to prove negligence, whether they appeared to be in his own handwriting or not. As stated by this Court in *Batterson v. Chicago & G. T. Ry.* 49 Mich. 184, cited in defendant's brief, it was incumbent on the plaintiff to specify the grievance of

which she complained; but the fact that the entry of the mortgage in question was entered in the index of mortgages in defendant's handwriting constituted no part of the plaintiff's grievance. Pursuing the language of the same authority, she " was bound to set out the combination of material facts relied on as her cause of action, and follow up her allegations by evidence pointing out and proving the same combination of circumstances. Every system of judicial altercation has for its object the accomplishment of two ends: the first to apprise the parties, and the second to apprise the court, of the precise subject of the controversy."

The grievance alleged by plaintiff in the second count of her declaration was that she entered into a contract with defendant whereby he undertook to examine the records in his office and ascertain and inform the plaintiff if mortgages numbers one and two were the only incumbrances on the land described, and that he so carelessly and negligently made such examination that he failed to give her any information of mortgage number three, by reason of which she was damnified. The combination of material facts, both as to negligence complained of and how such negligence resulted to her injury, are sufficiently alleged. In general, whatever circumstances are necessary to constitute the cause of complaint must be stated in the pleading, and all beyond is surplusage. 1 Chit. Pl. 214.

The objection that there was a variance between the abstract offered in evidence and that described in the declaration is removed by the evidence which tended to prove that entries had been made upon the abstract after November 15, 1875. The first count alleged that the defendant certified to the abstract, and counsel objected that the entry under formal certificate, which had been .made at a prior time, of the words : "Examined to date, November 15, 1875 ; CHAS. D. HOLMES," was not a certificate, and in that respect there was a variance. Without stopping to decide whether it is a certificate or not, it was admissible under the second count as a part of what transpired on that occasion between the parties, and in connection with the contract alleged in this count.

The defendant had been register of deeds from January 1, 1873, and had acted as such ; and from his official position and practical experience it may be inferred that he presumed himself capable of searching the records, and giving reliable data of what the records showed. At all events, if he entered into a contract with the plaintiff to examine the records, and inform her if there was any other mortgage upon the land than numbers one and two, then the law implied an undertaking from him that he possessed the required knowledge and skill, and that he would use due and ordinary care in the performance of his duty to the plaintiff in that respect; and if he failed to do so, which failure resulted in damages to the plaintiff, she is entitled to recover. *Chase v. Heaney* 70 Ill. 268 ; *Clark v. Marshall* 34 Mo. 429 ; *Bank v. Ward* 100 U. S. 195; Shearm. & Redf. on Negligence § 288 ; Warvelle, Abst. 7.

The defendant's counsel submitted to the jury certain questions in writing, to be answered by the jury in case they should find a verdict for the plaintiff, which the jury answered as follows : " *First.* Did the plaintiff make a contract with the defendant to correct an abstract of the title to the property named in the plaintiff's declaration ? The jury answered, 'Yes.' *Second.* Did he make and correct the abstract for John J. Lovett? The jury answered, 'No.' *Third.* Did he correct the abstract before or after the sale to plaintiff ? The jury answered, 'Before.' *Fourth.* Did the defendant receive any pay for his services, and who from ? The jury answered, 'Waived payment.' *Fifth.* Did the plaintiff rely upon the examination of the abstract by Townsend as to whether he, Townsend, would loan her money on that title ? The jury answered , 'No.' *Sixth.* Did the defendant use reasonable care in correcting that abstract ? The jury answered, 'No.' "

These findings of fact establish the contract entered into between the parties, and the failure on the part of the defendant to exercise reasonable care in the performance of his duty, and the record before us shows that evidence was introduced to prove the other material facts necessary to be estab-

lished in order to warrant a recovery. The position taken by counsel for defendant, that because the words "falsely and fraudulently" are used in connection with the words "carelessly and negligently" in describing defendant's dereliction of duty, makes it incumbent on the plaintiff to prove actual fraud in order to entitle her to recover, is untenable. As before stated, the gravamen of this count of the declaration is the negligence of defendant, and she states, before the conclusion of this count, that she suffered the loss complained of by plaintiff's neglect, carelessness and fault in the premises, and not on account of any fraudulent act or statement of defendant. In arriving at what the grievance complained of is, and the manner in which the wrong was inflicted, the whole count must be taken and construed together. The facts and circumstances alleged show that there was no intent to do a wrongful act, or to omit the performance of a duty, but the absence of the proper attention, care or skill. It alleges strictly a non-feasance and not a misfeasance, which marks the distinction between negligence and fraud. *Gardner v. Heartt* 3 Den. 232, 236.

The charge of the court was in accordance with the views herein expressed.

Perceiving no error, the judgment of the circuit court is affirmed.

The other Justices concurred.