# UNION SAFE DEPOSIT COMPANY
## v.
## JAMES W. CHISHOLM.

*Sales— Real Property—Contract—Conditions— Title—Payment—For-feiture of—Installments—Abstract—Waiver of Objections—Damages.*

1.  The term, "abstract of title" means a statement in substance of what appears on the public records affecting the title to the property in question.

2.  A waiver as to one objection to a title, does not absolve the seller from endeavoring to remove another objection, such removal being made one of the conditions of carrying out the sale.

[Opinion filed December 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. GEORGE S. WILLITS and HENRY S. ROBBINS, for appellant.

Mr. ISAAC E. ADAMS, for appellee.

GARNETT, J.  By contract in writing, dated November 9, 1887, appellant agreed to sell to appellee a tract of land in Chicago for $15,000, of which the sum of $500 was then paid, and the balance was to be paid in installments.  One of the stipulations of the contract was this :

"It is hereby agreed, that, should the title to said property be found to be unmerchantable and bad upon examination (such examination to be made within ten days from delivery of abstract), then all payments made in pursuance of this con-tract shall be refunded.  But should the said James W. Chisholm fail to perform the contract on his part promptly at the times and in the manner above specified (time being the essence of this contract), then the above mentioned first cash payment shall be forfeited by said J. W. Chisholm as liquidated damages, and the above contract shall be and become null and void."

There was evidence tending to prove these facts: The abstract of title to the property was delivered December 8, 1887, by appellant to the attorneys of appellee, who were authorized by him to examine it and decide for him whether it should be accepted or rejected. The abstract showed that the title was traced through a suit for foreclosure of a trust deed, but the last step appearing from the abstract was a certificate of sale to W. C. D. Grannis made in pursuance of the foreclosure sale. So far as appeared from the abstract, appellant was a stranger to the title. The attorneys of appellee, having examined the abstract, prepared an opinion in writing, noting therein four objections to the title, the first having reference to a possible right of dower in the wife of one Daly, and the last to the absence of a master's deed on the certificate of sale. On December 17, 1887, appellee informed the secretary of appellant of the objections made by his attorneys, and told him he would not take the title, unless they were made right. The master's deed was procured by appellant (Grannis having previously assigned the certificate of sale to appellant) and left at the recorder's office for record. But the deed was never shown, or tendered to, or seen by appellee or his attorneys, nor was any additional abstract made or tendered by appellant. On February 8, 1888, appellee, by his attorneys, notified appellant that he had annulled the contract for the reason that the title had not been made good. Appellant denied his right to do so, claiming that a good and merchantable title had been furnished, and that appellee had forfeited the $500 deposited. Thereupon this suit was brought by appellee to recover the $500 and he had judgment in the Circuit Court, which appellant now prays may be reversed.

It is probable that more emphasis was given to the dower question by Chisholm's attorneys than it deserved; but through the entire negotiation which followed the discovery of the insufficiency of the abstract, we find no waiver of the last objection made by them. No effort appears to have been put forth by appellant to remove the objections beyond having the deed executed and recorded and notifying appellee's

attorney thereof.    Examination of the record might have been made by appellee's attorneys, but the contract required no such exertion, and, moreover, a reading of the original master's deed or the record of it, might not have been a protection to appellee.    He could not, in that way, derive any information as to the judgments against, and conveyances by, the grantee in the master's deed.    The contract provided for the delivery of an abstract, and an abstract means a statement, in substance, of what appears on the public records affecting the title to the property.    Chase v. Heaney, 70 Ill. 268; Warvelle on Abstracts, 3.

Perhaps in the treaty between the parties for clearing away the points made against the title, there was a waiver of any additional abstract, or the production of the master's deed. But the waiver, if any, was conditional.

That which must be depended upon as a waiver was the consent of appellee's attorneys to go to the record to examine the master's deed when the other objections were removed. The waiver might have been entirely withheld, or, if given, it was within the power of the appellee to couple it with such conditions, reasonable or unreasonable, as were deemed advisable.

Admitting that the point on the supposed dower interest was unreasonable, it is, nevertheless, true that appellee was firmly and, to all appearances, in good faith, insisting upon it as a serious objection to the title.    Having made the removal of that objection one of the conditions, the waiver is not available to appellant except upon compliance therewith. The record fails to show that any evidence was ever given to appellee to clear up the dower question, and having failed in that respect to comply with the conditions, appellant can not be permitted to rely on the waiver.

The judgment is affirmed.

*Judgment affirmed.*