Filed Nov. 28, 1893.

———◆———

No. 743.

CONSTANTINE *v.* EAST ET AL.

REAL ESTATE.—*Contract of Sale.*—*Construction of.*—*Title.*—*Abstract.*—*Earnest Money.*—*Forfeiture.*—Where a contract for the sale of real estate provides, among other things, that "said conveyance is to be made by warranty deed, with all liens and taxes discharged, but subject to all existing leases," and that "a full abstract is to be furnished by us, and said abstract and deed to be subject to reasonable examination and approval by," * * * the vendee, acknowledging the payment of $500, as earnest money, which the vendee should forfeit, if he failed to carry out the terms of the agree-

Constantine *v.* East *et al.*

ment, provided the title proved good; under such contract the vendee was not bound to consummate the purchase on failure of the vendor to furnish an abstract showing title in him, and hence the earnest money was not forfeited on failure of the vendee to carry out the terms of the contract.

SAME.—*Evidence.*—*Proof of Title by Adverse Possession.*—*Erroneous.*— In such case, in an action to recover the earnest money, it was error to admit proof of title by adverse possession.

From the Henry Circuit Court.

*M. S. Robinson* and *J. W. Lovett*, for appellant.

*H. C. Ryan*, for appellees.

Ross, J.—The appellant brought this action in the Madison Circuit Court, to recover back five hundred dollars paid by him to the appellees, as earnest money, upon a contract for the purchase of a farm situated in Madison county, Ind., and which the appellees claim to own. The venue of the cause was changed, on the application of the appellant, to the Henry Circuit Court and a trial had, resulting in a verdict and judgment for the appellees.

The contract of purchase, the construction of which presents the real question at issue on this appeal, reads as follows:

"We hereby agree to sell and convey to Charles Constantine, or his assigns, at any time within thirty days after the completion of the gas wells now being put down on the lands of J. H. Stanley and N. C. McCullough, the following described property lying in the County of Madison, State of Indiana, namely: Part of the northeast quarter of section 18, township 19, range 8 east, bounded as follows: Beginning at the half mile post on the line dividing sections 17 and 18, thence west 4 minutes and 15 seconds south, 160 poles to a stake; thence north 42——— east, 80 perches to White river; thence with the meanderings of said river to the line dividing

said sections 17 and 18, and thence south to the place of beginning, except 2½ acres or thereabout on the northwest corner of said tract, as marked north and south by the east line of a tract owned by R. N. Williams, formerly the said tract supposed to contain 55 acres, more or less, and also the following described tract of land: Commencing at the northwest corner of the southeast quarter of section 18, township 19 north, range 8 east, running thence south forty rods, thence east across said quarter section, thence with the east line thereof to the northeast corner of said quarter section, thence west to the place of beginning, containing 40 acres, more or less, also 5 acres, more or less, off the northeast corner of the northeast quarter of the southwest quarter of section 18, township 19, range 8 east, containing in all 100 acres, more or less, the last tract set off by the Anderson and New Columbus East Line Turnpike Road; also all that part of the northeast quarter of section No. 18, in township 19 north, range 8 east, that lies east of White river, and east of a line beginning at the center of said section 18, and running north 20 east to White river; said line is evidenced by a stone placed on the south or east bank of White river and marked X, and evidenced by a witness stone marked W, south 20 west, and distance from said stone 25 links, except the half acre fenced in and occupied by Charles W. East, for the price and sum of fifteen thousand dollars, payable as follows: One-third in one year and one-third in two years, after date of deed, with interest at six per cent. per annum, and the sum of four thousand, five hundred dollars cash on delivery of deed, deferred payments to be secured by mortgage on said premises. It is understood that there are 110 acres in said tract; if upon survey there should be more, said Constantine is to pay for the excess at same rate per acre as herein; if less, a like deduction shall be

made.  Said conveyance is to be made by warranty deed, with all liens and taxes discharged, but subject to all existing leases.  A full abstract is to be furnished by us, and said abstract and deed to be subject to reasonable examination and approval by said Constantine.  And it is agreed that, if said title shall not be good and perfect in all respects, to any or all of said land, the said Constantine shall not be required to forfeit the five hundred dollars, as hereinafter provided, but in such event it shall be returned to him.  We acknowledge payment of five hundred dollars by said Constantine, which, should the title prove good, the said Constantine shall forfeit if he fail to carry out the terms of this agreement.

"Dated at Anderson, Ind., April 30, 1887.

"Signed,  D. C. EAST,

MARY L. EAST,

CHAS. W. CONSTANTINE."

The contract provides that "said conveyance is to be by warranty deed, with all liens and taxes discharged, but subject to all existing leases.  A full abstract and deed to be subject to reasonable examination and approval by said Constantine."

A construction of this part of the contract is decisive of the case.

It is contended, on behalf of the appellant, that the true meaning of the above provision is that the appellant was to have a good *record* title conveyed to him, and that he was not bound, under the contract, to consummate the purchase, unless the appellees had such a title.

On the other hand, it is contended, by counsel for the appellees, that the contract does not stipulate for a good record title, and that they had a right to prove, on the trial of the cause, that they acquired title by adverse possession.

It must be conceded that it is not the province of

courts to make contracts for parties, but simply to enforce them when called upon, and in their enforcement courts must construe them according to their sense and meaning and according to the real intention of the parties thereto as expressed therein. *Gillum* v. *Dennis*, 4 Ind. 417; *Conwell* v. *Pumphrey*, 9 Ind. 135; *Durland* v. *Pitcairn*, 51 Ind. 426.

"The rule of law is not that the court will always construe a contract to mean that which the parties to it meant; but rather that the court will give to the contract the construction which will bring it as near to the actual meaning of the parties as the words they saw fit to employ when properly construed, and the rules of law will permit." Parsons on Cont., *494.

Courts will not place such a construction upon a contract as to do violence to the rules of language, nor will it adopt such a construction as will violate the contract itself, unless the words employed are susceptible of no other reasonable construction.

When the language used in the contract is plain and unambiguous, there need be little trouble to construe its meaning, but in placing a construction upon it, sentences should not be detached and construed, but the entire contract should be interpreted as a whole, and its meaning ascertained from a consideration of all its stipulations. For that reason such a construction should be adopted, if possible, as will give meaning to all its stipulations.

With a statement of these few general principles, as applied to the contract under consideration, what could have been intended by the parties by the stipulation that the conveyance is to be by warranty deed, with all liens and taxes discharged, but subject to all existing leases, and that "A full abstract is to be furnished by us, and said abstract and deed to be subject to reasonable examination and

approval by said Constantine?'' Was it the intention of the parties that the appellee should convey to the appellant a good and perfect title, which must be shown by an abstract? The only construction which can be placed upon the language used, without doing violence. to the rules of language, is that appellees were to convey the property, by a good and perfect title, to the appellant. It can hardly be urged that the appellees agreed to give a warranty deed for property which they did not own, or to which they had no title. Can it be said, therefore, that they were to give a warranty deed for property to which they had but an imperfect title? Under the terms of this contract it was agreed that, if appellees could not convey to appellant a good and perfect title to said lands, the appellant should not forfeit his earnest money. This meant more than merely to convey the land to him by a warranty deed, it meant to vest in him a good and perfect title. If it was not necessary that the appellees possess a title in order to convey to the appellant, there would be no necessity for an abstract. If there was to be an abstract at all, it was for the purpose of disclosing the title of appellees. If it did not disclose a record title, it would show nothing, for an abstract is simply a compilation in abridged form of the record of the title. When the appellees failed to furnish appellant with an abstract showing title in them, appellant was not bound to consummate the purchase, unless we adopt such a construction of the contract as will make that part of it, which provides for an abstract meaningless. That we can not do.

But it is contended that the appellees, although they could not show a title of record, did have a title by adverse possession, which they were permitted to prove on the trial of this cause. The appellees might be able to establish in this action a title by adverse possession, but

:such a showing would not be binding against the person or persons holding the legal title to the property. Until the rights of the party holding the legal title had been adjudicated in some manner, the appellees' claim, by reason of adverse possession,is not settled. As to just what is necessary to be shown to establish a title by adverse possession, need not be decided, but for the purposes of this case it is sufficient to say that the appellant, under the terms of the contract, was not bound to consummate the purchase, unless the appellees could give him a good and perfect title subject to the leases as provided in such contract. Such a construction should have been given the contract by the trial court, and it was error to admit proof of title by adverse possession.

Judgment reversed, with instructions to grant a new trial.

