**MATTHEWS v. CALDWELL et al.**
**(No. 1324.)**

(Court of Civil Appeals of Texas. El Paso. April 20, 1922. Rehearing Denied May 18, 1922.)

1. **Vendor and purchaser** ⊜137—**Contract held not to make attorney's opinion on abstract conclusive.**

A contract requiring vendor to furnish an abstract showing good and marketable title and providing for curing of defects pointed out by the purchaser's attorney, does not require abstract disclosing a title which would be approved by the defendant purchaser's attorney and make his declaration to approve the title conclusive.

2. **Vendor and purchaser** ⊜148—**Vendor is not required to tender conveyance where it would not be accepted.**

Where purchaser repudiated his agreement of purchase, and a formal tender of conveyance would not have been accepted, vendor was not in default for failing to execute and tender a proper conveyance.

3. **Public lands** ⊜176(2)—**A patent is notice to the world, without recording in county of land's situs.**

There is no law requiring patents to be recorded in the county where the land is situate, and a patent is notice to the world by reason of the record thereof in the general land office (Rev. St. art. 5361), though article 6827 authorizes the recording of patents in the county where the land is situate.

4. **Abstracts of title** ⊜1—**Abstracts of title must be compiled from general land office, and the records of the county in which the land is situate.**

An abstract of title must be compiled from the records provided by the law for the registration of the record evidence of title, and the official records therefor are those of the general land office and the county where the land is situate, which are the only official records available to purchasers for obtaining full and

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

complete information concerning title, and a proper summary of the contents of a patent in the general land office records would be sufficient to determine its validity.

**5. Vendor and purchaser ⬤140—Notation in abstract as to patent taken from printed abstract, rather than the summary from official records, held insufficient.**

A contract calling for abstract showing a good and marketable title is not satisfied by a notation as to a patent from the state taken from the printed abstracts furnished by the general land office, rather than the summary of the patent taken from the official records of such office, or the county records.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by W. R. Matthews against Walter D. Caldwell and another, and from a judgment in favor of the defendant Caldwell, plaintiff appeals. Affirmed.

J. R. Stubblefield, of Eastland, and Patterson & Sherry, of Cisco, for appellant.

Conner & McRae and Scott, Brelsford, Funderburk & Ferrell, all of Eastland, for appellees.

HIGGINS, J. The appellant, Matthews, brought this suit against the appellees, Walter D. Caldwell and the First State Bank of Eastland, to recover $1,700 deposited by Caldwell with said bank, to be paid to the plaintiff as a forfeit and liquidated damages as per written contract, in case Caldwell should fail to purchase and pay for a one-fourth interest in the oil, gas, petroleum, and other minerals in and under the northwest one-fourth of section 23, in block 4, Houston & Texas Central Railway Company survey, in Eastland county, subject to an oil and gas lease on said lands. Upon trial before the court without a jury judgment was rendered in Caldwell's favor for the money deposited with the bank, and Matthews prosecutes this appeal.

The material portions of the contract between the parties may be summarized as follows:

Matthews and wife agreed to furnish Caldwell a complete abstract showing a good and sufficient and merchantable title to the land and mineral interests to be conveyed. Caldwell agreed to pay $17,000 for such mineral interest, conditioned that said abstract of title showed a good and merchantable title to the land and mineral interest. Caldwell's attorney was to have five days after receipt of the abstract in which to examine the title. It was provided that $1,700 was placed in the bank as a forfeit and liquidated damages if Caldwell failed to comply with his part of the contract. Said money was to be returned to Caldwell if the title proved not to be a good and merchantable title. If any defects appeared in the title Caldwell's attorney was to point same out in writing, and Matthews and wife were to have two days in which to cure the same. The court's findings, briefly stated, are as follows:

That time was of the essence of the contract, and within the time limited Matthews delivered to Caldwell's attorney an abstract of title to the lands. Within the time limited the attorney pointed out in writing three objections to the title disclosed by the abstract. The first two were cured within the time limited; the third objection, in substance, was that the patent to the land was not recorded in Eastland county, and it was required that the original or a copy of the patent be secured from the General Land Office and placed of record and incorporated in the abstract. A copy of the patent was procured by the plaintiff in error from the General Land Office, and filed for record in Eastland county, but the same was not filed within the time limited, but two days later. The abstract was never redelivered to Caldwell's attorney showing the filing and registration of the patent in Eastland county. Matthews and wife never tendered to Caldwell or his attorney the mineral conveyance provided for in the contract. The abstract of title originally delivered to Caldwell's attorney contained this notation:

"The Pat. to section 23, block No. 4, H. & T. C. Ry. Co. survey, is not of record in Eastland county but the printed abstracts furnished by the general land office at Austin, Texas, show that same was patented to the H. & T. C. Ry. Co. on January 29th, 1880, by Pat. No. 994, vol. 44, Eastland County Land & Abstract Co."

[1] It is contended by appellee that the contract obligated plaintiffs to furnish an abstract disclosing a title which would be approved by defendants' attorney as good and marketable, and, the attorney declining to approve the same, his opinion upon the title was conclusive in the absence of bad faith. But, considering the contract as a whole, it is not subject to that construction. All that it required of the plaintiffs was to furnish an abstract showing a good and marketable title.

[2] Nor can the judgment be upheld because the plaintiffs failed to execute and tender a proper conveyance. The evidence discloses a repudiation by Caldwell of his agreement to purchase because of the failure by plaintiff within the time limited to meet the objection pointed out with reference to the patent, and that a formal tender of conveyance would not have been accepted. Porter v. Memphis L. & C. Co. (Tex. Civ. App.) 159 S. W. 497.

[3] The appellant makes no complaint of the finding that time was of the essence of

the contract, and the controlling question is whether the abstract furnished sufficiently showed a valid patent regularly issued to plaintiff's remote grantor, the H. & T. C. Ry. Co.

In this connection the appellant, in effect, insists that the record of a patent in the county where land is situate is not necessary in order to show a good and merchantable title, and that the notation upon the abstract taken from the printed abstracts furnished by the general land office, showing that the land had been patented to the H. & T. C. Ry. Co. on January 28, 1880, sufficiently showed the due issuance of a valid patent.

There is no law requiring patents to be recorded in the county where the land is situate. It is also true that a patent is notice to the world, and there is a record thereof in the general land office. Article 5361, R. S.; Evitts v. Roth, 61 Tex. 81. But the statute authorizes the record of patents in the county where the land is situate. Article 6827.

[4] The contract between the parties obligated Matthews to furnish an abstract showing a good and marketable title. In determining whether this obligation was met it is pertinent first to inquire what is meant by an abstract of title. In a note appearing in 43 L. R. A. (N. S.) 45, it is said:

"An abstract means a statement in substance of what appears upon the public records affecting the title to property. Union Safe Deposit Co. v. Chisholm, 33 Ill. App. 647. It is simply a compilation in an abridged form of the record of the vendor's title. Constantine v. East, 8 Ind. App. 291, 35 N. E. 844. * * *

"It must be an abstract of the records in the recorder's office and all the records showing title in the vendor. Stevenson v. Polk, 71 Iowa, 278, 32 N. W. 340."

Without attempting to give a definition of an abstract of title, yet it is essential that it should be compiled from the records provided by our law for the registration of the record evidence of title. The official records for this purpose are the records of the general land office and the records of the county where the land is situate. These are the only official records available to purchasers for obtaining full and complete information concerning the record evidence of title to land. An abstract of the record title compiled from any other source would not meet a requirement to furnish an abstract showing a good and marketable title. The abstract of the patent to the land as furnished by appellant upon its face shows that it was not compiled from the. county records, or the record of the patent in the land office. And it is evident that a proper summary of the contents of the patent taken from such records would have furnished information and data not contained in the notation upon the abstract furnished, and by which the purchasers' attorney would have been enabled to pass upon the validity and sufficiency of the grant from the state to the H. & T. C. Ry. Co.

[5] In our opinion it would establish a dangerous precedent if it were held that a contract calling for an abstract showing a good and marketable title could be met by a notation as to the patent of the kind here considered, taken from the printed abstract furnished by the general land office, rather than a summary of the patent taken from the official records of the general land office or the county records. In this connection it may be noted that in Bassett v. Martin, 83 Tex. 339, 18 S. W. 587, Judge Gaines said:

"We know of no authority for admitting the book known as the 'Abstract of Titled and Patented Lands' as proof that title had been issued by the state or the former government to the grantees named therein."

For the reasons indicated, the abstract furnished by plaintiff in error failed to show a good and marketable title. The defect might have been remedied by the filing of the patent or a certified copy thereof for record in Eastland county, as required by defendant's attorney, and, the requirement not having been met within the time limited, the court did not err in holding that the $1,700 deposited with the Bank had not been forfeited by the defendant.

Affirmed.