# RENKERT, Appellant, v. TITLE GUARANTY TRUST COMPANY, Respondent.

### St. Louis Court of Appeals, November 3, 1903.

1. **Negligence: FALSE ABSTRACT.** It is actionable negligence for one who is employed to examine title to land, to furnish a statement not showing a judgment against the property.

2. **Practice: VARIANCE.** Plaintiff alleged that defendant furnished a statement of title which omitted to show a judgment against the land, on which statement plaintiff relied. The evidence showed that defendant furnished such statement, but the plaintiff did not read it, but had defendant to state its contents, which he did correctly. *Held,* no variance.

Appeal from St. Louis City Circuit Court. — *Hon. Franklin Ferriss,* Judge.

REVERSED AND REMANDED.

*Sheridan Webster* and *H. D. McCorkle* for appellant.

(1) When defendant accepted plaintiff's employment, it contracted that it would use due and ordinary care in the performance of its duties. Chase v. Heany, 70 Ill. 268; Taylor v. Williams, 2 Colo. App. 559; Heinsen v. Lamb, 117 Ill. 549. (2) It being the duty of the defendant to search for judgments, he is liable for damages incurred by a purchaser of land through a mistake or omission in a certificate or other instrument of title that he furnishes to said purchaser. Gilmore v. Hovey, 26 Mo. 280; Zeigler v. Commonwealth, 12 Pa. St. 227. (3) It is enough if for a compensation he undertakes to examine into the condition of the title, gives to his employer a true statement of the condition of the title, and does, in fact, make to him a false and

misleading statement, on which his employer relies and is injured by such reliance. Schade v. Gehner, 133 Mo. 252; Warvell's Abstract of Title, sec. 28, chap. 32. (4) If the examiner fails to bring to the discharge of his duties he assumes the ordinary legal knowledge and skill possessed by persons engaged in the business of examining titles, or has failed to discharge the duties with ordinary and reasonable diligence, care and prudence, he will be guilty of negligence and liable to the client for damages he may have sustained by reason thereof. (5) In order to rely on the instrument it would not be necessary that plaintiff should read the instrument furnished to him, when the same had been commented upon and explained to him by defendant's expert examiner of title. He relied upon the instrument, notwithstanding the fact that he did not read it. It was read and explained to him, and if he himself had read it the judgment would not have appeared therein. Nicol v. Young, 68 Mo. App. 448 (455).

*Johnson & Richards* and *Geo. H. Williams* for respondent.

(1) There was a total failure of proof of the negligence alleged. (2) In actions for negligence the evidence should correspond to the specific act of negligence charged. Harty v. Railroad, 95 Mo. 368; Hite v. Railroad, 130 Mo. 136. (3) Nor can there be a recovery for any other act. Crawford v. Aultman & Co., 139 Mo. 262; Chitty v. Railroad, 148 Mo. 75; Feary v. Railroad, 162 Mo. 96. (4) And this applies to actions originating in justices' courts. Turner v. McCook, 97 Mo. App. 196.

GOODE, J.—This case is for loss sustained on account of defendant's negligent examination of the title to a lot in St. Louis, which plaintiff bought on the strength of the report made to him by defendant. A judgment lien was in force against the lot when the title

was investigated, but plaintiff was not notified of the lien and bought in ignorance of it. In consequence he had to pay the amount of the lien.

Plaintiff was forced to a nonsuit on the trial in the circuit court and that ruling is defended on but one ground; that there was a total failure of proof. This court is of the opinion that the proof of plaintiff's case was for the jury. A strict construction of plaintiff's statement filed with the justice, is insisted on by the defendant's counsel, who argues that plaintiff's evidence disproves the cause of action stated. Here is a synopsis of the statement: The plaintiff was negotiating with John A. Porter for the purchase of the lot in question and applied to defendant to examine the title and issue a certificate showing its true state. Defendant agreed to make an examination for fifteen dollars, to which plaintiff assented and afterwards paid that sum. Defendant caused an examination of the title to be made and later delivered to plaintiff an instrument purporting to be an abstract of it. The examination was negligently done and the abstract was false and misleading in that it omitted a judgment then in force against Porter the lot-owner, which was a lien. Plaintiff relied on the instrument furnished and, believing it truly stated all defects existing in the title, purchased the lot and was subsequently compelled to discharge the lien.

The facts are that Nieman, defendant's manager, refused to furnish a certificate of title, which he had at first agreed to do, because he found the title rested on a tax deed, forty years old. Instead of issuing a certificate, which would have stated where the title was vested, he gave plaintiff a mass of leaves of paper, which he (Nieman) denominated a "chain of title," being a digest of the important parts of conveyances affecting the property. This document had no notation of the judgment lien and showed nothing about it. It was voluminous and Renkert didn't read it through, as Nieman undertook to tell him what flaws in the title it

showed; namely, the tax sale, two deeds of trust and a defect in a notary's certificate. Nieman said to Renkert that the instrument furnished gave all the facts concerning the property and that Renkert could use his judgment about purchasing, but if he sold out to make only a quitclaim deed, as the tax sale might cause trouble. Renkert did not understand the document, and asked Nieman what it showed against the lot. The above imperfections were enumerated and Nieman said nothing else was the matter with the title. Renkert swore he bought in full reliance on the defendant's examination.

The defense is that the complaint says Renkert relied on the instrument furnished, while he swore he did not read it, but relied on Nieman's statement of its contents. But he did rely on the instrument, which he was told showed the above mentioned and no other defects in the title; and in fact it showed those and no others. Plaintiff paid for an examination and got one. He got no certificate that the title was perfect, because defendant would not give a certificate, as the title rested on a tax deed. But the company undertook to inform him concerning the state of the title in order that he might buy intelligently, and furnished a document purporting to inform him. The document left off a judgment lien, which omission not only tended to mislead the plaintiff, but was nearly certain to mislead him. Misleading information is worse than none. It was actionable negligence to furnish such a document, call it abstract, chain of title, or what you will; for it was delivered and accepted as something on which a prospective purchaser might base his decision to buy or not. Gilmore v. Hovey, 26 Mo. 280; Schade v. Gehner, 133 Mo. 252. The contention that because plaintiff listened to Nieman's recital of what the abstract showed, he must be held to have relied on Nieman's word instead of the abstract, is too strained. It would have more merit if Nieman had failed to state correctly what the abstract

disclosed and then the question of negligence on the part of plaintiff would be involved. As it was he both pleaded and proved reliance on the instrument furnished.

The judgment is reversed and the cause remanded. *Bland, P. J.*, and *Reyburn, J.*, concur.