## FRANK J. DORR *vs.* MASSACHUSETTS TITLE INSURANCE COMPANY.

Suffolk.    March 14, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Evidence,* Competency, Revelancy and materiality, Books of account, Of value, Opinion: expert. *Witness,* Expert. *Negligence,* Of title examiner.

At the trial of an action against a corporation, authorized to examine titles and act as a conveyancer and also to act as an insurer of titles, for damage due to alleged negligence of employees of the defendant in the examination and report upon the title to certain property purchased by the plaintiff, the nature of the employment of the defendant was in issue. The plaintiff testified that he made an agreement in writing for the purchase of certain land free from all incumbrances except a certain mortgage; that he left this contract at the office of the defendant, telling the man in charge that he had purchased the property referred to therein and directing the examination of the title "according to this paper," adding "That tells you the whole story;" that he did not ask for the issuance of a policy insuring the title; that later, on his inquiring as to when the title could be passed, he was asked by some one representing the defendant whether he wanted the title insured; that he replied, in substance, that he did not think it necessary to incur the expense thereof if the title was clear; that he then was told that he could have the insurance for the amount paid for the examination of title and that he assented to that arrangement; that, when papers were passed, he did not ask nor was he told whether the title was clear, and no abstract of title was read to him; that the defendant then gave him a receipt specifying that it was for money paid by him as a charge for examining title and passing papers; that conveyance was made to him by a warranty deed subject only to the mortgage specified in the agreement. Three months later a policy of insurance was delivered to the plaintiff by the defendant, insuring the real estate free from incumbrances except the mortgage and an easement. The plaintiff did not examine the policy until six months after he received it, when he first learned of the easement. The agreement for the purchase of the land was admitted in evidence subject to an exception by the defendant. *Held,* that'

(1) The agreement was admissible in evidence as a part of the plaintiff's instructions to the defendant;

(2) The defendant's liability was not as a matter of law confined to the provisions of the policy, but a finding was warranted that the defendant acted not merely as an insurer but also as the plaintiff's paid agent in examining the title;

(3) A finding was warranted that the defendant's employees negligently had failed to communicate the existence of the easement to the plaintiff before he accepted conveyance of the premises.

At the trial above described, one, who was a bookkeeper 'for the defendant at the time of the transaction in question, testified that a slip of paper shown to him was written in the ordinary course of his business and showed that the plaintiff wanted a title insurance policy in a stated amount, "that the work was to be completed " by a certain date and the plaintiff notified when the defendant was ready to pass papers, and that the paper did not refresh his recollection of the conversation he had had with the plaintiff "although there was a standard conversation for every client." It did not appear that the paper ever was read by or shown to the plaintiff. The paper was offered in evidence and was excluded. *Held,* that

    (1) The paper was in no sense a book of account;

    (2) The paper properly was excluded.

A valuation of property by assessors of taxes is not admissible as evidence to determine its value as between third persons.

The question of the qualification of a witness offered as an expert is one of fact for the judge and, where there is evidence to support a finding that the witness is qualified to express an opinion, an exception to such a finding must be overruled.

CONTRACT for breach of an alleged agreement by the defendant to examine the title to real estate on Kendrick Street in Newton, which the plaintiff had purchased, and to arrange the transfer of the title to the plaintiff free of incumbrances except a specified' mortgage. Writ dated August 28, 1919.

In the Superior Court, the action was heard by *McLaughlin, J.,* without a jury.

One who had been a bookkeeper for the defendant at the time of the transaction in question testified that while in the employ of the defendant he examined some titles but did mostly office work and took orders from customers; that a slip of paper shown him was written by him in 1915 in the ordinary course of his business and it showed that the plaintiff wanted a title insurance policy in the amount of $2,000, that the work was to be completed on June 13 and the plaintiff notified, when the company was ready to pass papers, by telephone instead of by letter; that if he had been asked for a written report he would have written " letter " instead of "telephone" on the slip; and that the paper did not refresh his recollection of the conversation he had had with the plaintiff although there was a standard conversation for every client. This paper was offered as a part of the defendant's system of keeping books. The judge, subject to an exception by the defendant, excluded it as being evidence itself and ruled that it could be used only to refresh the witness' recollection. The paper was as follows:

"6/3/15                              Order No. 32620

Charge, Frank J. Dorr, Jr.                    Amount $2000

Address, 325 Wash. St. Brighton.

Insure, F. J. D. Jr.

Location, Newton — Kendrick St.

Reference, 4 deeds herewith

Ready June 13, 1915

Notify F. J. D. Jr. Brighton 916

Transaction, Purchase.                    (Insurance $25.00

                                          (Tax

                              Charges (Information, $

                                          (Special Premium $

                                          (Drafting $3.00"

One Charles H. Hodge, called by the plaintiff, testified that he was in the real estate business about one and one half or two miles from Kendrick Street, that he had been in the real estate business for twenty years and in that time had built and sold one hundred houses and had also bought and sold land in several places; that in Brighton, about a mile from the plaintiff's property, he had bought land and built fifteen houses; that he had been a director and on the investment committee of the Brighton Co-operative Bank since it was organized in 1911 and had examined for the bank one piece of property in Newton upon which a mortgage was given; that at one time he lived in Watertown very near the Newton line and had occasion to go back and forth, driving by the property involved in this action, a great many times, although the bulk of his business had been done in Newton; that he had bought and sold two houses on Algonquin Road, which is about one half mile from Kendrick Street and about a mile from the plaintiff's land; that values in the place he built and around Kendrick Street are about the same, and that in Newton they are a little higher than in Brighton; that, within a quarter of a mile or so, there had been no particular development on a large scale for a great many years; that he was familiar with the plaintiff's property and had examined it at the request of the plaintiff.

The judge having ruled that he might testify as an expert, the witness then testified that the fair market value of the land in question in July, 1915, "without the right of way was $30,000,

and that although $8,000 for the land was a very good buy it would be a better bargain without the right of way; that subject to the right of way the property was worth $1,500 less regardless whether the valuation of the land at $30,000 was correct; and that his reason for this statement was that the right of way might result in a one way street if the plaintiff should divide the land into house lots; that the value of the land was about ten cents a square foot, so that a strip alone being three hundred and forty-nine by twenty feet would be worth $698.

Other material evidence is described in the opinion. At the close of the evidence, the defendant made requests for rulings, which, with the rulings of the judge therein, were as follows:

" 1. That on all evidence the defendant is entitled to a verdict." This request was denied.

" 2. That the written application by the plaintiff is the contract between the parties and the one on which the plaintiff is entitled to recover if at all." Upon this request the judge ruled: " If by written application is meant application for insurance, request is refused."

" 3. That if the plaintiff is entitled to recover at all he can only recover on this policy of insurance of his title." This request was denied.

" 4. That the relation between the plaintiff and defendant is that of insurer and insured." Upon this request, the judge ruled: " Refused if meant that this is the only relation."

" 5. That if the policy of insurance issued to the plaintiff by the defendant specifically sets out the right of way which is the subject of the litigation between the parties, the plaintiff had notice of said defect of title and is not entitled to recover." Upon this request the judge ruled: " In the sense that he could not recover on the policy, granted; in the sense that he cannot recover on the evidence, refused."

" 6. That the measure of damages is the difference between the value of the land with the easement and what it would be worth without the easement and the plaintiff's damage is in proportion to the actual damage in the ratio that the sum of $2,000 bears to the full value of the property." Upon this request, the judge ruled: " First part of sixth request granted; last part, viz: beginning with ' and the plaintiff's damage, etc.,' refused."

The judge found for the plaintiff in the sum of $500; and the defendant alleged exceptions.

*J. W. Vaughan,* for the defendant.

*V. Levine,* (*J. Wasserman* with him,) for the plaintiff.

JENNEY, J. In this action the plaintiff seeks to recover damages because of the failure of the defendant's employees to exercise due care in the performance of a contract to render services. It is agreed that the defendant Massachusetts Title Insurance Company was authorized to and often did "act in the capacity of a conveyancer, that it examined title[s] and furnished information in relation thereto, and also acted in the capacity of an insurer of titles in the conduct of its general business."

Upon the plaintiff's testimony the following facts could have been found: The plaintiff became a party to a written contract whereby he agreed to purchase land in Newton which was to be conveyed to him, by a deed of warranty, free from all incumbrances except a mortgage described in the agreement. He left this contract at the office of the defendant, telling the man in charge that he had purchased the property referred to therein and directing the examination of the title "according to this paper," adding "That tells you the whole story." He did not ask for the issuance of a policy insuring the title. At a later date on his inquiry as to when the title could be passed, he was asked by some one representing the defendant whether he wanted the title insured and he replied, in substance, that he did not think it necessary to incur the expense thereof if the title was clear. He was then told that he could have the insurance for the amount paid for the examination of title; to this he assented. When the papers were passed, he did not ask nor was he told whether the title was clear, and no abstract of title was read to him. The plaintiff then received from the defendant a receipt which specified that it was for money paid by him as a charge for passing papers and examining title. The deed was of warranty and purported to convey the premises free from all incumbrances except the mortgage referred to in the agreement. A policy of insurance was made by the defendant, but it was not delivered to the plaintiff until about three months after the papers had been passed. It insured the plaintiff's title to the land as free from all incumbrances which are here of importance, except the mortgage referred to and a right of way twenty feet in

width. The easement referred to in the policy in fact existed and was an incumbrance upon the plaintiff's land. The plaintiff did not know of its existence until about nine months after he had acquired title. He then for the first time examined the policy and found that the way was excepted from it, but that it was not mentioned in his deed. The evidence offered in behalf of the defendant was in many respects in sharp conflict with that of the plaintiff; but it need not be rehearsed. The judge, who was not bound to follow it, found for the plaintiff.

Certain exceptions of the defendant are not argued and are treated as waived. Others, however, fully present all the contentions made at the trial, except an exception to the admission in evidence of the plaintiff's agreement for the purchase of the property. It could have been found that this agreement had been delivered to the defendant for its use and guidance in representing the plaintiff. The agreement if so delivered clearly was admissible, as it defined the property and title which the plaintiff was entitled to receive; and it informed the defendant of the facts necessary to be known by it if it was properly to safeguard the plaintiff's interests. It constituted a part of the instructions given the defendant. *Whitney* v. *Abbott,* 191 Mass. 59.

The defendant contends that its sole liability is as an insurer of title, and that its obligation to the plaintiff is measured by the terms of the policy. This contention is without merit. The judge was well warranted in finding that the defendant acted not merely as insurer but as the plaintiff's paid agent in examining the title, and that although those who acted in its behalf knew that there was a right of way over the property, they negligently failed to disclose its existence to the plaintiff, who relied solely on the defendant to protect his interests and was ignorant of the existence of any incumbrance until after he had paid his money and received the deed, which was silent as to any easement in the premises conveyed. The defendant was liable to the plaintiff for the injury caused by this negligence of its authorized representatives. *Ehmer* v. *Title Guarantee & Trust Co.* 156 N. Y. 10. *Trimboli* v. *Kinkel,* 226 N. Y. 147. *Jacobsen* v. *Peterson,* 91 N. J. L. 404. *Savings Bank* v. *Ward,* 100 U. S. 195. See *McLellan* v. *Fuller,* 220 Mass. 494 ; *S. C.* 226 Mass. 374.

The order blank, so called, offered by the defendant as a part of

its " system of keeping books " was properly rejected as evidence; it did not appear that it was ever read by or shown to the plaintiff; it was in no sense a book of account. The person making the slip was permitted to testify as to all that occurred at the time it was made and to use it to refresh his memory. *Kaplan* v. *Gross*, 223 Mass. 152. *Rhoades* v. *New York Central & Hudson River Railroad*, 227 Mass. 138.

The assessors' valuation of the property was not admissible to determine its value. *Commonwealth* v. *Quinn*, 222 Mass. 504, 516, and cases cited. See St. 1919, c. 297; G. L. c. 79, § 35; G. L. c. 185, § 109.

The witness called by the plaintiff to testify as an expert was properly permitted to express an opinion as to the damages caused by the existence of the right of way. The question of his competency was one of fact; it could not be said that the evidence was insufficient to warrant the admission of his testimony. *Klous* v. *Commonwealth*, 188 Mass. 149.

*Exceptions overruled.*