DAWKINS, J.
Plaintiff appeals from a judgment sustaining an exception of no cause of action. The petition alleges that he was, at the time, employed by defendant, but when injured was not within the course of his employment, and hence founds his claim for injuries in tort under article 2315 of the Civil Code. In the alternative, he asks that, if the court should find that his claim is under the Employers’ Liability Law (Act No. 20 of 1914), then that he have judgment accordingly.
Conceding, for the moment, that the facts alleged do not show that he was injured while in the course of his employment, has he alleged a cause of action under the Code? We think not. He says, in substance, that, as a part of bis employment, he was assigned to a particular bunk in a bunkhouse furnished by his employer for his exclusive use, and had so occupied it; that late one night he returned to the said house and found his bunk occupied by some one else; that he thereupon went to the foreman in charge of the bunkhouse, “as he was in duty bound to do,” and asked him to have the bunk vacated or to furnish another; that the foreman became angry at having been thus awakened, placed his hand upon plaintiff’s shoulder, and said, “I have a mind to blow your damn brains out;” and that he then 'pulled a .45 caliber pistol and shot plaintiff through the head, totally disabling him for life.
[1, 2] The petition does allege that the foreman was acting within the scope of his agency when he shot the plaintiff, but that is only a conclusion of the pleader. He was not employed to assault or murder people, but to see that the employees were properly cared for in the bunkhouse, and suddenly turned away to vent his anger upon the plaintiff for purposes of his own. The employer was therefore not liable for his act. Dyer v. Rieley, 28 La. Ann. 6 ; Williams v. Pullman Palace Car Co., 40 La. Ann. 92, 3 South. 631, 8 Am. St. Rep. 512 ; Candiff et al. v. Railway Co., 42 La. Ann. 478, 7 South. 601.
[3] Counsel for defendant, both in brief and oral argument, concede and argue quite strenuously that plaintiff was injured by an accident growing out of and in the course of his employment, in the sense of the employers’ liability statute, merely contending that he was bound to allege the legal conclusion *503 that he was in the course of his employment. Conclusions of law do not have to be alleged.
[4] Plaintiff has properly claimed, in the alternative, compensation as an employee under the statute. Pierre v. Barringer, 149 La. 71, 88 South. 691.
For the reasons assigned, the judgment appealed from is annulled and reversed, and it is ordered and decreed that the exception of no cause of action be and the same is hereby overruled, and this case is remanded to be proceeded with according to law and the views herein expressed; defendant to pay costs of this appeal, all other costs to await final judgment.
ST. PAUL, J., concurs in the decree.
Rehearing refused by Division A, composed of Chief Justices PROVOSTX and Justices OVERTON and LECHE.