Appeal of **WILLIAM A. DALY,** Administrator of **EDWIN A. BECK,** Deceased.          **Docket No. 563.**

Commissioner's determination approved because of taxpayer's failure to produce competent evidence in support of his contention.

Submitted January 26, 1925; decided April 13, 1925.

*William A. Daly, Esq.,* for the taxpayer.
*John D. Foley, Esq.,* for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

From the record the Board makes the following

### FINDINGS OF FACT.

Edwin A. Beck died on July 25, 1921, a resident of New York County, leaving a last will and testament wherein he appointed Isabella Beck executrix thereof, and said last will and testament was duly admitted to probate in the office of the Surrogate of the County of New York on September 20, 1921. On December 26, 1921, said Isabella Beck died, a resident of New York County, and William A. Daly was appointed administrator with the will annexed of the Estate of Edwin A. Beck, on January 21, 1922, by said Surrogate's Court.

In 1903 Edwin A. Beck purchased certain premises in the City and County of New York, known as No. 63 East One hundred and thirtieth Street, for the sum of $12,500. The property was used for rental purposes and subsequent to March 1, 1913, improvements were made thereon in the amount of $750. The property was sold in the year 1920 for $9,000. In making his return for income-tax purposes for the year 1920, the decedent claimed as a deduction a loss of $4,250 from the sale of the property, being the difference between the original cost plus improvements, less the sale price. The Commissioner disallowed the loss upon the ground that the value of the property at March 1, 1913, did not exceed the sale price.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

MARQUETTE: The only evidence offered by the taxpayer to prove the value of the property herein on March 1, 1913, was an assessment by the City of New York for the year 1913, wherein the property in question was assessed at $10,000. Standing alone, we do not think this is competent evidence to prove value and it is ordinarily excluded by the courts when offered for such purpose. *Dorr* v. *Massachusetts Title Ins. Co.*, 238 Mass. 490; 131 N. E. 191. Even though we assume the March 1, 1913, value claimed by the taxpayer, no evidence has been offered to show the depreciated value at the time of sale in 1920. See *Appeal of Even Realty Co.*, 1 B. T. A. 355. The record fails to show error in the proposed assessment and the determination of the Commissioner must be approved.