No. 2636

Second Circuit

---

## NUGENT v. LEE LUMBER COMPANY

---

(June 2, 1926. Opinion and Decree.)
(June 30, 1926. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Pleading—Par. 62; Master and Servant—Par. 160 (i).**

The negligence charged in an alternative demand for damages under Article 2315 of the Civil Code in a suit for compensation under the Workmen's Compensation Law, Act No. 20 of 1914, discloses no cause of action where the alternative demand shows a breach of duty due to the decedent only as employee.

2. **Louisiana Digest—Master and Servant —Par. 158.**

An accident which occurred after the injured employee had left the premises of his employer and was being transported on a truck did not arise in the course of his employment and he cannot recover compensation under the Workmen's Compensation Act No. 20 of 1914.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Pinkie Nugent, et al., against Lee Lumber Company, Ltd.

There was judgment for defendant and plaintiffs appealed.

Judgment affirmed.

A. D. Flowers, of Jena, attorney for plaintiffs, appellants.

Overton & Hunter, of Alexandria, attorneys for defendant, appellee.

WEBB, J.  In this action plaintiff, Mrs. Pinkie Nugent, individually and as tutrix of her minor children, seeks to recover judgment against the Lee Lumber Co., Ltd., and Frank Hamilton for compensation under Act No. 20 of 1914, or, in the alternative, for damages under Article 2315 of the Civil Code, resulting from the death of Ed Nugent, husband of plaintiff and father of the minors.

The defendants excepted that the alternative demand failed to state a cause of action, and this exception being sustained, the cause was tried on the original demand, and judgment rendered rejecting plaintiff's demands, from which she appeals.

## OPINION

The plaintiff urges that the court erred in sustaining the exception as to the alternative demand, and also in rejecting her demands under the statute.

## NO CAUSE OF ACTION

It has been held that an alternative demand for compensation under Act No. 20 of 1914 may be cumulated with an action in tort under Article 2315 of the Civil Code (Hale vs. Gilliland Oil Co., 151 La. 500, 91 South. 853), and conceding that the converse of this is true or that the facts showing the relationship of master and servant or employer and employee alleged in the original demand may be denied or contradicted in the alternative demand, yet we are of the opinion that the allegations of fact under the alternative demand, if admitted to be true, should not show a right of action under Act No. 20 of 1914, as would be the case in the present instance.

There are, no doubt, instances where a person who is an employer would be liable to another who is his employee for damages sustained by the latter through the negligence of the former, his agents or servants, which liability could have no connection with the liability of the employer, as such, under Act No. 20 of 1914; but the negligence charged in the present alternative demand is clearly based upon an alleged breach of an obligation or duty which could have been due or owing to decedent only as an employee, otherwise the alternative demand discloses no cause of action, and we are therefore of the opinion the exception was properly sustained.

## MERITS

The evidence establishes that decedent was employed to drive an ox-team belonging to Frank Hamilton, who had a contract with the Lee Lumber Co., Ltd., to haul logs from lands belonging to or under the control of the latter; that the ox-team was kept at a corral located upon the lands of the Lee Lumber Co., Ltd., which was about one-half mile from the residence of decedent; that decedent's employment required that he hitch up the team at the corral and from thence drive the team and haul logs from such places as designated by Hamilton; and at the close of the day to return the team to the corral.

That on the date of the accident the decedent, after completing the day's task, requested a driver of a truck belonging to Hamilton to carry him from the corral to decedent's home, on the truck, which request was acceded to by the driver, and while decedent was being thus transported he in some manner lost his balance and fell from the truck (which was at that time on the public road and about one-half mile from the corral), receiving injuries which caused his death.

The evidence shows that Hamilton had not contracted with decedent to transport him to or from his work, although it appears that decedent had on several occasions ridden back and forth with Hamilton from and to the corral, and decedent had also on several occasions been carried to his work by employees of Hamilton who were using their own vehicles in going to and from their work, but it does not appear that Hamilton knew of the truck driver undertaking to carry decedent home on the occasion of the accident; on the contrary, the evidence indicates that the drivers of the trucks belonging to Hamilton had been instructed not to take the trucks from the corral or camp after the day's work was done.

Had Hamilton contracted with decedent to transport him to and from his work and the accident had occurred while he was being thus transported, it could have been well said that the injuries received arose in the course and out of the employment; but as the evidence does not show any such contract, we do not think the evidence, which shows that an employer had on different occasions, while going to his place of business, requested an employee, who was likewise going to take up the duties of his employment at the same place, to ride with him, could be held to

have tacitly agreed to transport the employee to and from his work, and that the employee would not under such circumstances be riding with his employer, as such, but with a friend.

The truck driver, in undertaking to carry decedent home on the truck, was acting on his own initiative and responsibility and not as an employee of Hamilton, and under these circumstances the fact that the accident occurred while the decedent was riding on a vehicle of his employer would not of itself render the employer liable for the injuries received by decedent in falling from the truck.

If the employer is liable under the facts presented, it is for the reason that the accident occurred while he was returning home from his work, but we have not been cited to any decision in which such a broad construction has been placed on the statute.

It cannot be said from the situation of the place of the accident that there was any causal connection between it and the risks or hazards incident to the place of employment as was the case in Gasca vs. Texas Pipe Line Co., 2 La. App. 483, or Jones vs. La. Cent. Lmbr. Co., 2 La. App. 260, or Provost vs. Gheens Realty Co., 151 La. 508, 92 South. 38; and we are of the opinion that when the decedent took his seat upon the truck for the purpose of being transported and had left the premises the relations between him and Hamilton had ceased and the accident cannot be said to have arisen in the course of the employment.

The facts presented in this case bear a close resemblance to those developed in William Bass vs. Shreveport-Eldorado Pipe Line Co., Inc., 4 La. App., in which the plaintiff's demands were rejected, and the

reasons assigned in that case are also applicable to the instant case.

The judgment appealed from is therefore affirmed.