APPEAL OF HELEN BARCLAY, EXECUTRIX OF THE WILL OF HAROLD BARCLAY, DECEASED.

Docket No. 2474.    Decided September 28, 1926.

Evidence *held* insufficient to warrant a modification of the deficiency.

*Henriette A. Nuehaus*, for the petitioner.
*M. N. Fisher, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in income tax for 1920 in the amount of $841.39. The deficiency results from the disallowance by the Commissioner of an amount claimed by petitioner as a loss in connection with the sale of certain real property and deducted from his income for that year.

FINDINGS OF FACT.

Helen Barclay is the duly appointed, qualified and acting executrix of the estate of Harold Barclay, deceased, and is a resident of the City of New York. Harold Barclay died July 25, 1922, a resident of New York.

Henry Barclay, the grandfather of the deceased, Harold Barclay, who by his will disposed of the property involved in this appeal, described as Nos. 321 and 323 Broadway, New York City, N. Y., died on March 21, 1865, a resident of New York. His will was admitted to probate by the Surrogate's Court of Queen's County, New

York, on April 10, 1865.  The part of the will which concerns the property here involved reads as follows:

I give and devise to my executors and executrix who may take upon themselves the execution of this my will, and to the survivors and survivor of them, those two certain lots of land with the brick stores thereon, now known as numbers three hundred and twenty-one (321) and three hundred and twenty-three (323) Broadway in said City of New York, situated between the property of the New York City Hospital and the lot of land with the marble front store thereon hereinbefore devised in trust for the benefit of my son James L., and I also give and bequeath to my said executors and executrix the sum of twenty thousand dollars, to have and to hold said real estate and personal property, in trust, to invest said sum of twenty thousand dollars on bond and mortgage or in public securities, to receive the rents, issues and profits of said real estate and the income or profits of said personal property, and after paying all taxes, assessments and charges for insurance and repairs, to accumulate the net income thereof respectively.  Should my son Sackett M. be a minor at my decease during his minority, and on my said son Sackett M. attaining the age of twenty-one years, to pay over to him such accumulations and thereafter, or if at the time of my decease he should be of the age of twenty-one years then, to apply the net income thereof to the use of my said son Sackett M. during his natural life, and on his decease I give, devise and bequeath said trust estate, absolutely forever, to his lawful issue, and the lawful issue of any deceased issue, equally, share and share alike, such issue to take the share of his, her or their parent; and should my said son Sackett M. die without lawful issue, I give, devise and bequeath said trust property, absolutely forever, to my surviving children then living, and to the lawful issue of any deceased child, equally, such issue taking the share of his, her or their parent.

Sackett M. Barclay, the life beneficiary under the trust covering the property involved as set forth in the portion of the will above set out, was living at the time of Henry Barclay's death.  He died October 10, 1918, leaving five children surviving him and no issue of any deceased child.  One of the said five children was Harold Barclay, who was born August 14, 1872.

The property in question referred to in the will of Henry Barclay consisted of two lots and two five-story brick dwellings which were subsequently altered into stores and lofts.  These buildings were leased and produced the following gross rentals from 1913 to 1920, inclusive:

| Year. | Amount. | Year. | Amount. |
|---|---|---|---|
| 1913 | $13,939.88 | 1917 | $9,000.00 |
| 1914 | 13,199.92 | 1918 | 9,916.63 |
| 1915 | 12,191.66 | 1919 | 9,999.96 |
| 1916 | 9,691.64 | 1920 | 833.33 |

The property was sold in 1920 for $200,000.  Of this amount, $2,600 was paid as commission.

The assessed valuation of the entire property for the purpose of local taxation, as determined by the deputy tax commissioner for New York, was as follows:

| Year. | Amount. | Year. | Amount. |
|-------|---------|-------|---------|
| 1872 | $150,000 | 1917 | $240,000 |
| 1913 | 260,000 | 1918 | 240,000 |
| 1914 | 260,000 | 1919 | 230,000 |
| 1915 | 260,000 | 1920 | 230,000 |
| 1916 | 250,000 | | |

## OPINION.

LITTLETON: Petitioner contends, first, that at the death of Henry Barclay title to the property vested in the brothers and sisters of Sackett M. Barclay, the life tenant, subject to be divested by birth of issue to Sackett M. Barclay; secondly, upon the birth of Harold Barclay in 1872 title to the property vested in him, a portion of his title thereto being divested upon subsequent birth of issue to Sackett M. Barclay; thirdly, that on March 1, 1913, Harold Barclay was the owner of a one-fifth vested interest in the property, that the value of a one-fifth interest in 1872 was $50,000, and that the fair market value of his one-fifth interest on March 1, 1913, was in excess of $40,000, his proportion of the sales price of the property in 1920.

The only evidence before the Board as to the value of the property in 1872 and 1913 is certified copies of the records of the City of New York showing the value placed upon the property for the purpose of local taxation. The value thus placed upon the property, unsupported by any other evidence, can not be accepted by the Board for the purpose of determining actual or fair market value of the property. *Appeal of William A. Daly*, 1 B. T. A. 993; *Dorr v. Mass. Title Ins. Co.*, 238 Mass. 490; 131 N. E. 191.

It is unnecessary to discuss the questions of law raised, since we are without sufficient and proper evidence upon which to predicate a finding of value, either in 1873 or 1913, even if it should be decided that, in computing the gain or loss on the sale in 1920, the value of petitioner's interest should be deducted from the sales price.

*Judgment for the Commissioner.*

PHILLIPS concurs in the result only.