THE BRIDGEPORT AIRPORT, INC. *vs.* THE TITLE GUARANTY AND TRUST COMPANY.

Third Judicial District, Bridgeport, April Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

538

Argued April 17th—decided June 2d, 1930.

*Richard S. Swain,* for the appellant (plaintiff).

*Elbert O. Hall,* for the appellee (defendant).

MALTBIE, J. The defendant is engaged in the business of searching and certifying land titles in and about Bridgeport. The plaintiff alleged in its complaint that it engaged the defendant to examine the record title to a certain tract of land and to report to

it thereon and that the defendant "undertook to carefully examine said records and to render a report thereon to the plaintiff and to give the plaintiff its opinion as to the condition of said title"; that in the certificate of title given to it by the defendant a judgment lien was set forth as the first incumbrance upon the land; that, in reliance upon this certificate, the plaintiff purchased the judgment lien, through a third party, but that, when foreclosure proceedings were brought, it was discovered that the lien was invalid, all to the damage of the plaintiff. A copy of the certificate was annexed to the complaint. It stated that Dora B. Stavola was the owner of record of the land, that the defendant was "of the opinion that said Dora B. Stavola has a good indefeasible estate . . . therein as appears by said Records, and that the same is free from all incumbrances whatsoever as appears by said records, except as hereinafter set forth"; then follows a description of an attachment of the land and a judgment lien, Carmela Stavola to The Schwarz Brothers Company, dated February 18th, 1925, and July 16th, 1925, respectively, a savings-bank mortgage covering this and other lands executed by Antonio Dalessio, dated February 8th, 1926, and a lis pendens of a foreclosure action based upon the mortgage, and certain unpaid taxes. The allegations of the complaint so far referred to are all admitted by the answer. At the trial, as the court has found, it was proven that the lien was invalid because the attachment was made and the lien filed after the property had been conveyed away by Carmela Stavola. The trial court gave judgment for the defendant, holding that it rendered the plaintiff a truthful statement as to the recorded instruments affecting the title to the land and that it had never agreed to submit an opinion as to the legal effect of any such instrument nor had it warranted or

guaranteed the title of Dora B. Stavola to the land or the title of any one to the lien or any other interest in the property.

The admitted undertaking of the defendant was more than merely to report to the plaintiff the facts of record affecting the title to the property, and the terms of the certificate actually go beyond such an undertaking. It undertook to and did give its opinion to the plaintiff as to the condition of the title of Dora B. Stavola to the property; it assumed to give and did give, not a bare abstract of the facts of record, but a certificate as to the title. Had it undertaken the former obligation and simply reported to the plaintiff the dates of the various instruments affecting the title from the time when Carmela Stavola acquired it, the defect in the judgment lien would have been apparent. Instead, it gave its opinion that Dora B. Stavola had a good indefeasible title to the premises, free from all incumbrances except those stated, the first of which was the judgment lien. This certificate, delivered as it was by the defendant, must be given such meaning as the plaintiff would reasonably and naturally give to it. So read, it undoubtedly carried the meaning that the lien was an existent incumbrance of record against the property. As a matter of record this could only be so if the conveyance of the property by Carmela Stavola was made after it attached. The date of that conveyance, as appears from a stipulation of the parties made at the trial, and the facts which we add to the finding on the plaintiff's motion, was a matter of record which was or ought to have been known to the defendant. The defendant therefore unintentionally, no doubt, misrepresented the title to the property in a respect with which it was chargeable with knowledge. Whatever limits there may be to its obligation under its agreement with the plaintiff, cer-

tainly an incorrect statement of such a nature was a breach of that undertaking. *Jacobsen* v. *Peterson,* 91 N. J. L. 404, 103 Atl. 983; *Dorr* v. *Massachusetts Title Ins. Co.,* 238 Mass. 490, 131 N. E. 191. As was said in *Renkert* v. *Title Guaranty Trust Co.,* 102 Mo. App. 267, 270, 76 S. W. 641: "But the company undertook to inform him [the plaintiff] concerning the state of the title in order that he might buy intelligently, and furnished a document purporting to inform him. The document left off a judgment lien, which omission not only tended to mislead the plaintiff, but was nearly certain to mislead him. Misleading information is worse than none. It was actionable negligence to furnish such a document, call it abstract, chain of title, or what you will; for it was delivered and accepted as something on which a prospective purchaser might base his decision to buy or not." To hold the defendant liable is not to charge it in any sense as an indemnitor or guarantor, but only to require it to fulfil its agreement with the plaintiff.

The duty of the defendant under its undertaking was to use such care and skill as other persons engaged in a like occupation under similar circumstances would use. *Savings Bank* v. *Ward,* 100 U. S. 195; *Smith* v. *Holmes,* 54 Mich. 104, 19 N. W. 767; *Wacek* v. *Frink,* 51 Minn. 282, 284, 53 N. W. 633. The present action is, as it might properly be, based upon a breach of this undertaking and lies in contract. *Dorr* v. *Massachusetts Title Ins. Co.,* 238 Mass. 490, 131 N. E. 191; *Economy Building & Loan Asso.* v. *West Jersey Title Co.,* 64 N. J. L. 27, 44 Atl. 854. Assuming that contributory negligence would be a defense in an action of this nature, the trial court has not found that the plaintiff was guilty of it, and could not well do so. The defendant, having assumed to search and report upon the title, the very purpose of obtaining its serv-

ices would be undone if the plaintiff could not rely upon the truth and accuracy of its report as regards essential facts of record, unless perhaps the terms of the certificate made it plainly apparent that there was a mistake. *Equitable Building & Loan Asso.* v. *Bank of Commerce & Trust Co.,* 118 Tenn. 678, 685, 102 S. W. 901. In this case, the explanatory facts showing the invalidity of the lien were or should have been in the possession of the defendant which made the abstract, but they were not incorporated in the certificate of title, nor was their legal effect in any way indicated. The situation is analogous to that involved in actions for false representations where we have said that the party to whom they are made " 'is under no obligation to investigate and verify statements, to the truth of which, the other party to the contract, with means of fuller knowledge, has deliberately pledged his faith.' " *White* v. *Miller,* 111 Conn. 53, 57, 149 Atl. 237. In the instant case the lien might well have been valid though the judgment ran against one not an owner of the property when the certificate was made. The right of the plaintiff to rely upon the statement in the certificate of title is strengthened by the fact that before it purchased the lien one of its officers telephoned the treasurer of the defendant, calling attention to the unusual circumstance of the lien preceding the savings-bank mortgage and was told that such was the situation with reference to the title in question. The record does not disclose any breach of duty on the part of the plaintiff's officers which would defeat or minimize the liability of the defendant to it.

The right of the plaintiff rests upon a conveyance to it by deed of such interest as the Schwarz Brothers Company had in the land by reason of the judgment lien and was not an assignment of the debt of Carmela Stavola to the company. It is therefore of no conse-

quence that the plaintiff offered no testimony to show that the claim of the company against her was not collectible from assets she might own.

For the purpose of disposing of this case we have not found it necessary to consider the plaintiff's motion to correct the finding, except in the one respect we have noted. An examination of the record leads us, however, to make two comments for the guidance of trial courts in making findings for appeal. As we recently pointed out, a trial court is rarely justified in failing to find facts which have been proven and which a party asks to have incorporated in the finding merely because it deems them immaterial. *State* v. *Pisano*, 107 Conn. 630, 631, 141 Atl. 660. Counsel may regard them as material to the claims of law they desire to present to this court and a failure to find them often results in unnecessary applications to this court for corrections of the finding. And we once more call attention to our often repeated admonition that a memorandum of decision should not be made a part of the finding. *Munson* v. *Atwood*, 108 Conn. 285, 290, 142 Atl. 737; *Crighton* v. *Jacobs*, 100 Conn. 281, 283, 123 Atl. 437.

The record discloses no claim of damages by the plaintiff other than the amount paid by it to purchase the judgment lien, which the trial court has found to be $1400. No good purpose would therefore be served by a retrial.

There is error, the judgment is set aside and the case remanded with direction to the Superior Court to enter a judgment for the plaintiff to recover $1400, with interest from June 27th, 1928.

In this opinion the other judges concurred.